## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| MICHAEL J. BENT, | : | |
| | : | Civil Action No. 17-3217 (BRM) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

Before this Court is *pro se* litigant Michael Bent's ("Petitioner") Petition for Writ of Coram Nobis pursuant to 28 U.S.C. § 1651 challenging his 1999 conviction for making and subscribing to a false 1988 U.S. Individual Income Tax Return, Form 1040, in violation of 26 U.S.C. § 7206(1). (ECF No. 1.) For the reasons set forth below, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner was indicted on January 30, 1996, for one count of obstructing the administration of the Internal Revenue Code pursuant to 26 U.S.C. § 7212(a) and four counts of tax evasion pursuant to 26 U.S.C. § 7201. *U.S. v. Bent*, Case No. 3:96-cr-59. Later that year, upon the Government's motion, the Court dismissed two of the tax evasion charges, Counts Four and Five of the Indictment. (*Id.* at ECF No. 14.) On September 29, 1998, Petitioner pled guilty to a single count information charging him with making and subscribing to a false 1988 U.S. Individual Income Tax Return, Form 1040, in violation of 26 U.S.C. § 7206(1). (*Id.* at ECF No. 66.) Pursuant to the plea agreement, the Government dismissed the remaining three counts of the Indictment. (*Id.*) On February 5, 1999, the Court sentenced Petitioner to three years of probation, with a fine in the amount of $5,000 and a special assessment of $50. (*Id.* at ECF No. 75.)

On June 5, 2003, Petitioner filed a Motion to Vacate the June 2, 1998 Order Denying Motion to Suppress Evidence Seized April 1, 1992. (*Id.* at ECF No. 91.) While it was not clear, it appeared that said Motion was intended to be a hybrid seeking several forms of relief, including § 2255 relief. (*Id.*) On December 11, 2003, this Court denied Petitioner's Motion. (*Id.* at ECF No. 96.) On March 3, 2004, the Court denied Petitioner's Motion for Reconsideration. (*Id.* at ECF No. 100.)

On February 24, 2017, Petitioner filed a Motion for an "Order Vacating, Correcting and Expunging Information Conviction." (*Id.* at ECF No. 112.) The Court construed the submission as a Petition for Writ of Coram Nobis and filed it in a new case (the instant case). *Bent v. U.S.*, Case No. 3:17-cv-3217. In the new matter, Petitioner filed several Amended Petitions (*Id.* at ECF Nos. 8, 10, 12), as well as various Motions seeking discovery (*Id.* at ECF Nos. 17, 18, 19, 21). Respondent filed Opposition to the Amended Petition and Opposition to the various Motions. (*Id.* at ECF Nos. 9, 11, 20, 23, 24, 27, 28.)[1]

## II. LEGAL STANDARD

A petitioner who has completed his sentence and is no longer in custody pursuant to his judgment of conviction, but who continues to suffer collateral consequences from his conviction, may seek to challenge his conviction through a petition for a writ of error coram nobis. *United States v. Biondi*, 600 F. App'x 45, 46 (3d Cir. 2015); *see also Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012); *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989). A writ of error coram nobis, however, "is an 'infrequent' and 'extraordinary' form of relief that is reserved for 'exceptional circumstances.'" *United States v. Babalola*, 248 F. App'x 409, 411 (3d Cir. 2007)

---

[1] On July 17, 2017, while the petition was being briefed by the parties, but before Petitioner filed his plethora of motions, this matter was re-assigned from the Honorable Mary L. Cooper, U.S.D.J. to the undersigned.

(quoting *Stoneman*, 870 F.2d at 106); *see also Mendoza*, 690 F.3d at 159. Indeed, the Supreme

Court has observed that the granting of a writ of error coram nobis is so extreme a remedy that it

"is difficult to conceive of a situation in a federal criminal case today where [coram nobis relief]

would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). As the

Third Circuit has explained:

> Because of the strong interest in finality of judgments, the standard
> for a collateral attack on a conviction via a writ of error coram nobis
> is more stringent than the standard applicable on a direct appeal.
> Indeed, because a defendant seeking coram nobis relief has already
> completed her sentence, the interests in favor of revisiting the
> judgment are even less than in the habeas context, where the
> petitioner is still "in custody." Thus, only where there are errors of
> fact of the most fundamental kind, that is, such as to render the
> proceeding itself irregular and invalid . . . can redress be had, and
> relief will be granted only when circumstances compel such action
> to achieve justice. Despite this heavy burden, both the Supreme
> Court and [the Third Circuit] have reaffirmed the continued
> existence of coram nobis relief in the appropriate circumstances.
>
> In addition to the cardinal requirement for issuance of the writ that
> errors of . . . the most fundamental kind had infected the
> proceedings, this court has articulated several other threshold
> considerations to coram nobis relief. A coram nobis petitioner must
> also show that (1) he is suffering from continuing consequences of
> the allegedly invalid conviction, (2) there was no remedy available
> at the time of trial, and that (3) sound reasons exist for failing to seek
> relief earlier. Of course, earlier proceedings are presumptively
> correct and the petitioner bears the burden to show otherwise.

*Babalola*, 248 F. App'x at 411–12 (internal quotations and citations omitted); *see also Stoneman*,

870 F.2d at 106, *United States v. Osser*, 864 F.2d 1056, 1059–62. Failure to establish any of the

above elements will defeat a petition for coram nobis relief, and the "sound reasons" standard

requires an even greater showing of entitlement to relief than that required in a § 2255 habeas

proceeding. *Mendoza*, 690 F.3d at 159; *Stoneman*, 870 F.2d at 106.

**III. DECISION**

The exact basis for Petitioner's Petition for Coram Nobis is unclear. His submissions contain extensive and repetitive discussions of the timeline of the Internal Revenue Service and the Stafford Police Department's investigation into his business in the 1990's, as well as many documents from the investigation. It appears he is arguing there were flaws during the investigation which should entitle him to coram nobis relief. It also appears he may be arguing that, because the IRS's subsequent civil audit of his activities did not result in any required changes to his tax returns, his criminal conviction is therefore rendered invalid.

In his most comprehensible submission, Petitioner alleges he meets the requirements for coram nobis relief as follows:

> 1. A more usual remedy is not available because petitioner is no longer in custody or supervised release and cannot pursue 2255 [sic] habeas action.
>
> 2. A valid reason exists for not challenging the conviction earlier was due to lack of objective evidence and Certifications which had been withheld or undisclosed, false 6e claims, protracted FOIA action and transcripts of investigative inter action with third parties. The death of Mr. O'Byrne added to the unavoidable delay and dogged prose pursuit. Which in 2016 produced hundreds of US Secret Service reports directly conflicting with testimony of and investigative reports signed by SPD and IRS investigators.
>
> 3) Petitioner continues to suffer adverse consequences due to the ongoing record of this felony conviction. Petitioner had graduated with an accounting degree from Saint Peter's University NJ and masters degree in finance from Rutgers University NJ. Also earned professional licenses as a Certified Public Accountant, Real Estate Broker and had been listed for promotion to full Colonel in the Army reserve. As founder, builder and owner in various business entities, an elected, respected community leader petitioner had earned the right and skills to plan and pursue the American dream. All of which remain overshadowed or destroyed by the conviction which remains uncorrected causing great financial hardship and public humiliation for me, my wife, children and grand children[sic]. A conviction used by SPD as the keystone in putting OCN L 1083- 99 on hold.

> 4) Ultimately, the under 60 Day 1999 IRS civil audit failed to find
> any validity for a conviction to have been entered nor remain.

(*Bent*, Case No. 3:17-cv-3217, at ECF No. 8 at 6-8.)

Even if this Court were to assume without deciding that Petitioner is suffering "continuing consequences" as a result of his fraud conviction, the requested relief is not warranted. *See United States v. Gaudelli*, 688 F. App'x 115, 117 (3d Cir. 2017) (citing *Stoneman*, 870 F.2d at 106) (assuming without deciding that "continuing consequences" exist). Petitioner has failed to put forth any sound reasons for his failure to seek relief earlier. As discussed above, Petitioner pled guilty and his judgment of conviction was entered in February 1999. The civil IRS audit was concluded in November 1999. By his own admission, he acquired many of the documents he relies on to show the "flawed" investigation in 2001. (*Bent*, Case No. 3:17-cv-3217, at ECF No. 3 at 5.) He also includes a letter to his brother from 1999, wherein he states he has thousands of documents which report the "malicious, self serving[sic], slander, defamation negligence and liable [sic] [he] has endured." (*Id.* at ECF No. 10-1 at 26.) As early as 1992, he submitted a "complaint of investigative misconduct" to the IRS. (*Id.* at ECF No. 12 at 5-6.) He filed a § 2255 Petition in 2003, but still did not raise these issues.

He vaguely alludes to the lack of objective evidence in support of his "sound reasons" argument, but provides nothing concrete. He gives no time frame for exactly when he received the information he deemed "necessary" to support the filing of the instant Petition, nor does he provide specifics why said information was not obtained sooner. Moreover, as discussed above, it is clear from his various submissions that he actually had a substantial amount of information many decades ago. In short, he fails to provide sound reasons why he then waited 14 years after his

§ 2255 Petition, and almost twenty years after his conviction, to seek coram nobis relief. *See Mendoza*, 690 F.3d at 159. Accordingly, his Petition is **DENIED**.[2]

**IV. CONCLUSION**

For the reasons stated above, Petitioner's Petition for Writ of Coram Nobis is **DENIED**. An appropriate order follows.

Dated: June 18, 2018

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] All Petitioner's requests for discovery and documents are **DENIED AS MOOT**. None of the requests appear relevant to the issue of whether Petitioner had sound reasons for his failure to seek relief and, therefore, would have no effect on this Court's ruling.